UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LYNDA KESSELMAN,

                Plaintiff,

-against-

EMPIRE MERCHANTS, LLC A DIVISION OF THE CHARMER-SUNBELT GROUP AND CHRISTOPHER GIGLIO AKA CHRIS GIGLIO,

                Defendants.

ECF Case

Case No. 14-CV-2036 (SJ)(SMG)

**ANSWER**

Defendants, Empire Merchants, LLC ("Empire") and Christopher Giglio ("Giglio") (collectively, "Defendants"), by their attorneys, Kauff McGuire & Margolis LLP, as and for their answer to the Complaint (the "Complaint"), respectfully allege:

## PARTIES AND NATURE OF ACTION

1.     Defendants deny the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiff's Complaint purports to set forth the claims listed therein.

2.     Defendants deny the allegations contained in paragraph 2 of the Complaint, except admit that Plaintiff's Complaint purports to set forth the claims listed therein.

3.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.     Defendants deny the allegations contained in paragraph 4 of the Complaint, except admit that Empire is incorporated under the laws of the State of Delaware and that it employed Plaintiff.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint, except admit that Giglio was Plaintiff's supervisor in the Spirits Division from April 18, 2011 through December 17, 2013.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Paragraph 7 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants deny the allegations contained in paragraph 7 of the Complaint.

(i) Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7(i) of the Complaint.

(ii) Defendants deny the allegations contained in paragraph 7(ii) of the Complaint, except admit that Empire is incorporated under the laws of the State of Delaware.

(iii) Defendants deny the allegations contained in paragraph 7(iii) of the Complaint.

(iv) Paragraph 7(iv) of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants deny the allegations contained in paragraph 7(iv) of the Complaint.

## DEMAND FOR TRIAL BY JURY

8. Defendants deny the allegations contained in paragraph 8 of the Complaint, except admit that Plaintiff purports to request a trial by jury.

## STATEMENT OF FACTS

9. Defendants deny the allegations contained in paragraph 9 of the Complaint, except admit that Plaintiff's employment with Empire was terminated on December 17, 2013.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint, except admit that Plaintiff was hired as a Sales Representative on or about September 1, 2010 and was promoted to the position of Field Sales Manager on or about April 18, 2011, and that the majority of Plaintiff's accounts, when she was a Field Sales Manager, were located in Manhattan.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint, except admit that (1) Plaintiff held the position of Field Sales Manager from April 18, 2011 to December 17, 2013, (2) on occasion, Plaintiff had five (5) sales representatives reporting to her, (3) during the time that Plaintiff held the position of Field Sales Manager, her supervisor was Giglio, and (4) Giglio is the Division Manager of Empire's Spirits Division.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint, except admit that Plaintiff was employed from April 18, 2011 through December 17, 2013 in Empire's Spirits Division.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint, except admit that Plaintiff's supervisor was Giglio when she was employed in Empire's Spirits Division.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint, except admit that Plaintiff's immediate supervisor was Giglio when she was employed in Empire's Spirits Division.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint, except admit that Plaintiff's immediate supervisor was Giglio when she was employed in Empire's Spirits Division.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Plaintiff "observed Defendant Giglio making future sales appointments" with male Field Sales Managers.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint, except admit that Giglio held weekly meetings with the Field Sales Managers that reported to him, including Plaintiff.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint, except deny knowledge or information sufficient to form a belief as to David Mautone's alleged comment.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint, except admit that Giglio held weekly meetings with the Field Sales Managers that reported to him, including Plaintiff.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint, except admit that Plaintiff received a written warning for failing to notify Giglio that she took a sick day.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint, except admit that Giglio logged Plaintiff for a personal day on December 10, 2013.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint, except admit that Plaintiff was suspended on or about December 13, 2013.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint, except admit that Plaintiff was terminated on or about December 17, 2013.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

## FIRST CLAIM
## Hostile Work Environment based on
## Gender Discrimination under the
## NYCHRL against both Defendants

40. Defendants reiterate, repeat, reallege and reincorporate their responses to paragraphs 1-39 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

## SECOND CLAIM
### Illegal Termination based on Gender Discrimination under the NYCHRL against both Defendants

45. Defendants reiterate, repeat, reallege and reincorporate their responses to paragraphs 1-44 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in the Wherefore paragraph of the Complaint.

(i) Defendants deny the allegations contained in subparagraph (i) of the Wherefore paragraph.

(ii) Defendants deny the allegations contained in subparagraph (ii) of the Wherefore paragraph.

(iii) Defendants deny the allegations contained in subparagraph (iii) of the Wherefore paragraph.

(iv) Defendants deny the allegations contained in subparagraph (iv) of the Wherefore paragraph.

(v) Defendants deny the allegations contained in subparagraph (v) of the Wherefore paragraph.

(vi) Defendants deny the allegations contained in subparagraph (vi) of the Wherefore paragraph.

(vii) Defendants deny the allegations contained in subparagraph (vii) of the Wherefore paragraph.

(viii) Defendants deny the allegations contained in subparagraph (viii) of the Wherefore paragraph.

(ix) Defendants deny the allegations contained in subparagraph (ix) of the Wherefore paragraph.

(x) Defendants deny the allegations contained in subparagraph (x) of the Wherefore paragraph.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a cause of action.

## AS AND FOR A SECOND DEFENSE

The Court lacks subject matter jurisdiction over all or part of the Complaint.

## AS AND FOR A THIRD DEFENSE

Defendant Giglio cannot be held individually liable, in whole or in part, for the actions alleged in the Complaint.

## AS AND FOR A FOURTH DEFENSE

All actions taken by Defendants were based on upon reasonable factors other than Plaintiff's gender.

## AS AND FOR A FIFTH DEFENSE

All actions taken by Defendants with regard to Plaintiff's employment were taken for legitimate, nondiscriminatory reasons.

## AS AND FOR A SIXTH DEFENSE

Defendants' actions with respect to Plaintiff were justified by business necessity.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff has not been subject to discrimination or a hostile work environment.

## AS AND FOR AN EIGHTH DEFENSE

The employment actions at issue were taken in good faith, and without malice.

### AS AND FOR A NINTH DEFENSE

The Complaint is barred because Plaintiff unreasonably failed to avail herself of an internal grievance policy with respect to claims of discrimination and hostile work environment.

### AS AND FOR A TENTH DEFENSE

The conduct of which Plaintiff complains could only be reasonably interpreted by a trier of fact to be no more than petty slights or trivial inconveniences.

### AS AND FOR AN ELEVENTH DEFENSE

Defendants neither knew of nor condoned or ratified any alleged discrimination or hostile work environment, and therefore are not legally responsible for any alleged discrimination or hostile work environment.

### AS AND FOR A TWELFTH DEFENSE

The claims asserted against Defendants in the Complaint are barred, in whole or in part, because they have established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory and harassing practices.

### AS AND FOR A THIRTEENTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate her alleged damages, any entitlement to which is expressly denied.

### AS AND FOR A FOURTEENTH DEFENSE

Plaintiff has not suffered any damages as a result of the alleged conduct in the Complaint.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiff fails to state a claim upon which punitive damages may be granted.

### AS AND FOR A SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages under the NYCHRL are barred as Defendants did not engage in any willful, reckless or malicious acts.

### AS AND FOR A SEVENTEENTH DEFENSE

Defendants' liability and penalties, if any, under the NYCHRL should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of that statute.

### AS AND FOR AN EIGHTEENTH DEFENSE

Plaintiff fails to state a claim upon which liquidated damages may be granted.

### AS AND FOR A NINETEENTH DEFENSE

Plaintiff fails to state a claim upon which lost wages may be granted.

### AS AND FOR A TWENTIETH DEFENSE

Plaintiff fails to state a claim upon which lost employment benefits may be granted.

### AS AND FOR A TWENTY-FIRST DEFENSE

Plaintiff fails to state a claim upon which pre-judgment interest may be granted.

## AS AND FOR A TWENTY-SECOND DEFENSE

Plaintiff fails to state a claim upon which post-judgment interest may be granted.

## AS AND FOR A TWENTY-THIRD DEFENSE

Plaintiff fails to state a claim upon which an award of attorneys' fees, disbursements and other costs may be granted.

## AS AND FOR A TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A TWENTY-FIFTH DEFENSE

If any damages or losses were sustained by Plaintiff, such damages or losses were caused or contributed to by Plaintiff's own actions, inactions, fault, lack of diligence or failure to mitigate any of her alleged damages, and not by actions or inactions of Defendants.

## AS AND FOR A TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole, or in part, by the exclusive remedy provisions of applicable state workers' compensation laws.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

The Complaint or any relief sought by Plaintiff is barred, in whole or in part, by such additional defenses as Defendants may have that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has

not been completed.  Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**WHEREFORE**, Defendants respectfully request that this Court enter an Order:  (a) dismissing the Complaint in its entirety with prejudice; (b) awarding Defendants their costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as to the Court deems just and proper.

Dated:  New York, New York.
April 25, 2014

Respectfully submitted,

KAUFF MCGUIRE & MARGOLIS LLP

By:   s/ Michele A. Coyne
Michele A. Coyne
Shelby A. Silverman

950 Third Avenue
Fourteenth Floor
New York, NY  10022
(212) 644-1010
coyne@kmm.com
silverman@kmm.com

Attorneys for Defendants
*Empire Merchants, LLC and Christopher Giglio*